IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **K.E.K., a minor, by and through, her parents and natural guardians, PAUL KAUFFMAN and CAROL KAUFFMAN,** : **Plaintiff** : v. : **THE GRIER SCHOOL a/k/a GRIER SCHOOL; SECURITAS SECURITY SERVICES USA INC. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security; and JAMES W. PROUGH,** : **Defendants** | **CIVIL NO. 1:CV-05-0386** |

## **M E M O R A N D U M**

Before the court are Defendant Grier School's ("Grier") motion pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f) (Doc. 17), and Defendant Pinkerton's motion to strike pursuant to Rule 12(b)(6) (Doc. 14). The parties have briefed the issues, and the matter is ripe for disposition. For the reasons that follow, the court will deny Grier's motion, and grant in part and deny in part Pinkerton's motion.

**I.**     **Background**

Plaintiff, a minor female, by and through her parents, Paul and Carol Kauffman ("the Kauffmans"), filed the instant Complaint on February 23, 2005. Named as Defendants in Plaintiff's Complaint are the following: (1) The Grier

School, a private boarding school for girls that Plaintiff attended; (2) Securitas Security Services USA Inc. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security (hereinafter "Pinkerton"), a private security services company hired by Grier; and (3) James Prough ("Prough"), a security guard employed by Pinkerton.  Plaintiff's Complaint revolves around allegations that Prough, while employed by Pinkerton as a security guard at the Grier School, engaged in an inappropriate and unlawful sexual relationship with Plaintiff.  The details surrounding these allegations are not material to the issues at hand and will not be discussed by the court at this time.

**II.        Discussion**

   **A.     Grier's Motion**

Grier asserts two arguments in its motion: (1) pursuant to Rule 12(e) Grier is entitled to a more definite statement; and (2) Count Twelve of the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim or stricken as redundant under Rule 12(f).  Plaintiff counters that Grier's motion is untimely filed and should be dismissed without consideration of the merits.  In the alternative, Plaintiff contends that the averments in the Complaint are sufficient to put Grier on notice of the allegations against it, and that Count Twelve of the Complaint is proper and should not be dismissed.  The court will not deny Grier's motion based upon untimeliness; however, the court will deny the motion based on the underlying merits.

   **i.     Rule 12(e)**

Grier asserts that under Rule 12(e) it is entitled to a more definite statement as to the time periods being alleged and the alleged improper relationship. Specifically, Grier wants clarification as to the genesis of the alleged improper

relationship, when and where the alleged improper conduct took place, when Grier allegedly first became aware of the alleged improper relationship, and the relational status between Prough and Grier at all relevant times.

Rule 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." While Rule 12(e) provides the relief available, it is Rule 8 that sets forth the pleading requirements. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e) provides that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." In the instant case, Plaintiff's Complaint is sufficient to place Grier on notice as to the claims brought against it. Plaintiff's Complaint outlines ample facts and dates for Grier to raise the necessary defenses at this stage of the litigation.

The Supreme Court has stated that "[s]uch simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). The specific issues relating to exact dates, such as when Grier should have known of the alleged abuse and Prough's alleged predisposition to abuse and when the relationship between Plaintiff and Prough became improper, are issues to be developed through discovery. Accordingly, the court will deny Grier's Rule 12(e) motion.

Additionally, Grier asserts that it is entitled to a more definite statement of Plaintiff's identity.  Specifically, Grier asserts that it is unclear if Plaintiff's parents, the Kauffmans, intend to bring the action solely on behalf of their minor child, or if they intend to assert claims on their own behalf.  This issue has been clarified by Plaintiff in the brief in opposition to Grier's motion.  (Doc. 20.)  Specifically, Plaintiff asserts that the Kauffmans are bringing the action on behalf of their minor child and that the Kauffmans have not asserted any claims for compensatory or punitive damages on their own behalf.[1]  Thus, a more definitive statement is not necessary.

### ii.     **Rule 12(b)(6) and Rule 12(f)**

Grier asserts that Count Twelve of Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In the alternative, Grier asserts that Count Twelve should be stricken as redundant under Rule 12(f).

In response, Plaintiff asserts that Count Twelve incorporates averments properly pled in the Complaint.  Specifically, Count Twelve states "[p]aragraphs One (1) through Ninety (90) are incorporated herein as though fully set forth at length." Grier does not assert that Counts One through Eleven are subject to Rule 12(b)(6) dismissal.  The court finds that Count Twelve does incorporate averments properly pled in the Complaint.  Thus, dismissal is not proper under Rule 12(b)(6).

In the alternative, Grier asserts that Count Twelve has no independent significance and should be stricken as redundant under Rule 12(f).  However, Count Twelve is the only count of Plaintiff's Complaint that asserts a claim for joint and

---

[1] Federal Rule of Civil Procedure 17(c) provides that a "representative may sue . . . on behalf of the infant."

several liability against all Defendants. Thus, there is independent significance. As such, the court does not find that Count Twelve is redundant. Accordingly, Grier's motion to dismiss or strike Count Twelve of the Complaint is denied.

### B.     Pinkerton's Motion

Pinkerton asserts that Plaintiff has failed to allege facts necessary to support a finding of punitive damages. Pinkerton moves to strike Plaintiff's claims under Rule 12(f) or dismiss Plaintiff's claims under Rule 12(b)(6) for punitive damages under direct and vicarious liability theories. Pinkerton states that to the extent that the court considers a claim for punitive damages to be a permissible cause of action, it moves for Plaintiff's claims to be dismissed under Rule 12(b)(6). While punitive damages are not a cause of action, the court finds that the language of 12(b)(6) does not prohibit an analysis of punitive damages. Rule 12(b)(6) provides that dismissal is proper "for failure to state a claim upon which relief can be granted." Moreover, the court finds that the language of Rule 12(f) does not apply to Pinkerton's argument. Rule 12(f) provides that a court may strike pleadings if they are "redundant, immaterial, impertinent, or scandalous." Thus, the court will analyze Pinkerton's argument under Rule 12(b)(6).

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to

5

state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999).

Pinkerton asserts that Plaintiff fails to allege facts that are sufficient to sustain a direct claim for punitive damages, and that Plaintiff's Complaint fails to allege facts that Pinkerton is vicariously liable for Defendant Prough's conduct because such conduct was not done with the intent of furthering Pinkerton's interests.

Plaintiff responds that the facts alleged in the Complaint are sufficient to support an award of punitive damages under a direct theory of liability.[2] As set forth in Plaintiff's Complaint, Defendant Prough developed his "relationship" with Plaintiff by virtue of his employment with Pinkerton. Plaintiff alleges that Pinkerton was responsible for assigning and supervising Prough. (Compl. ¶¶ 57.) Moreover, Plaintiff asserts that Pinkerton knew or should have known of Prough's predisposition toward young females and that he would act upon his predisposition. *Id*. ¶ 59.) Plaintiff asserts that Pinkerton also failed to maintain a reasonable level of supervision over Prough. (*Id. ¶* 62(d).) Additionally, Plaintiff asserts that Pinkerton acted in concert with Grier and Prough to conceal Prough's predisposition to abuse Plaintiff. (*Id*. ¶ 62(e).) The court finds that such conduct may rise to the level of being wanton, reckless, and willful. *Feld v. Merriam*, 485 A.2d 742, 748 (Pa. 1963) ("The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious."). Accordingly, the court will deny Pinkerton's

---

[2] As stated, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

motion to dismiss Plaintiff's claims for punitive damages based on a direct liability theory.

With respect to Plaintiff's claims for punitive damages based on a theory of vicarious liability, the court finds that Prough was not acting within the scope of his employment. The Restatement (Second) of Agency § 228 defines conduct within the scope of employment as:

> (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master, and (d) if force is intentionally used by the servant against another, the use of the force is not unexpectable by the master. (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*See Butler v. Flo-Ron Vending Co.*, 557 A.2d 730, 736 (Pa. Super. Ct. 1989). "[T]he master is not liable where the servant commits an assault solely from his own private malice or ill will toward the person assaulted for in such a case the act is not within the scope of the servant's employment." *Pilipovich v. Pittsburgh Coal Co.*, 172 A. 136, 137 (Pa. 1934) (internal citations omitted). In the instant case, the alleged molestation of Plaintiff was not in the scope of Prough's employment. Thus, the court finds that Pinkerton is not vicariously liable for the alleged wrongs perpetuated by Prough against Plaintiff. Accordingly, Plaintiff's claims for punitive damages against Pinkerton, based on a theory of vicarious liability, will be dismissed.

### III.        Conclusion

In accordance with the foregoing discussion, the court will deny Grier's 12(e), 12(b)(6) and 12(f) motions. The court will grant in part and deny in part

Pinkerton's 12(b)(6) motion. Pinkerton's motion to strike Plaintiff's claims for punitive damages based on a theory of vicarious liability will be granted. Pinkerton's motion will be denied in all other respects. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: July 25, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **K.E.K., a minor, by and through, her parents and natural guardians, PAUL KAUFFMAN and CAROL KAUFFMAN,** : : : : : | **CIVIL NO. 1:CV-05-0386** |
| **Plaintiff** : : | |
| **v.** : : | |
| **THE GRIER SCHOOL a/k/a GRIER SCHOOL; SECURITAS SECURITY SERVICES USA INC. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security; and JAMES W. PROUGH,** : : : : : : : | |
| **Defendants** : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) Defendant the Grier School's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), and 12(f) (Doc. 17) is **DENIED**.

2) Defendant Securitas Security Services USA Inc. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** with respect to Plaintiff's claims for punitive damages against Securitas Security Services USA Inc. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security's that arise out of a theory of vicarious liability.

       3) Defendant Securitas Security Services USA Inc. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED** with respect to Plaintiff's claims for punitive damages against Securitas Security Services USA Inc. t/d/b/a Pinkerton's Inc. and/or Pinkerton Security's that arise out of a theory of direct liability.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: July 25, 2005.